UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TONNY HORNE,

        Plaintiff,              Case No. 1:21-cv-1003

v.                                     Honorable Sally J. Berens

HEIDI SMITH,

        Defendant.
_____/

### OPINION DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES AND DENYING COUNSEL

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

      When Plaintiff initiated this action, he sought leave to proceed *in forma pauperis*. (ECF No. 2.) By order entered on December 1, 2021, the Court granted Plaintiff's request for leave to proceed *in forma pauperis*. (ECF No. 4.) Upon further review, Plaintiff is not eligible to proceed *in forma pauperis*. Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and therefore, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Accordingly, the Court will vacate the December 1, 2021 order granting Plaintiff leave to proceed *in forma pauperis* and, instead, will deny Plaintiff that relief. The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those

not permitted to proceed *in forma pauperis*.[1]  This fee must be paid within twenty-eight (28) days of this opinion and accompanying order.  If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice.  Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).  The Court will further deny Plaintiff's requests for the appointment of counsel.  (ECF Nos. 1, 5.)

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

---

[1] The filing fee for a civil action is $350.00.  28 U.S.C. § 1914(a).  The Clerk is also directed to collect a miscellaneous administrative fee of $52.00.   28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.   The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

2

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in Section 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the United States District Court for the Eastern District of Michigan entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Horne v. Webster*, No. 4:15-cv-11511 (E.D. Mich. July 7, 2015); *Horne v. Beauvais*, No. 2:15-cv-10788 (E.D. Mich. June 18, 2015); *Horne v. Abdellatif*, No. 2:15-cv-11603 (E.D. Mich. May 27, 2015); *Horne v. Garrity*, No. 2:15-cv-11214 (E.D. Mich. May 27, 2015); *Horne v. Beauvais*, No. 2:15-cv-10769 (E.D. Mich. Mar. 23, 2015). All of Plaintiff's dismissals were entered after the enactment of the PLRA on April 26, 1996.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions

3

> of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).  A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints.  *Id*.  Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations.  *Id.*

In this action, the Court is unable to discern the allegations contained in Plaintiff's complaint.  Although Plaintiff filed his complaint using the Court's form complaint for civil actions filed by persons in state custody pursuant to 42 U.S.C. § 1983, Plaintiff does not set forth any factual allegations under the "Statement of Claim" heading on the form complaint and, instead, states: "see Dept. of Corrs Kite Response enclosed."  (Compl., ECF No. 1, PageID.3.)  Plaintiff then attached a "Michigan Department of Corrections Kite Response" to his complaint, and the "Kite Response" includes a typed summary of a grievance that Plaintiff submitted to his facility.  (*Id.*, PageID.5.)  However, this document does not convey clear thoughts regarding Plaintiff's claims in the instant action, and Plaintiff's complaint falls well short of meeting the requisite notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure.  The allegations of the

4

complaint therefore are insufficient to allow the Court to reasonably conclude that Plaintiff was in imminent danger at the time he filed his complaint. *Vandiver*, 727 F.3d at 585.

Therefore, Section 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. The Court's prior order granting Plaintiff leave to proceed *in forma pauperis* (ECF No. 4) will be vacated as improvidently granted. Plaintiff has 28 days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Plaintiff has also requested the appointment of counsel. (ECF Nos. 1, 5.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court carefully considered these factors and determined that the assistance of counsel was not necessary to the proper presentation

of Plaintiff's position.  Plaintiff's requests for the appointment of counsel (ECF Nos. 1, 5) therefore will be denied.


Dated:   February 2, 2022             /s/ Sally J. Berens
                                      Sally J. Berens
                                      United States Magistrate Judge


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503


**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**